Ray D. PETTY *v*. D. A. CLARKE, Probate Judge and W. S. ARNOLD, Special Probate Judge

73-309                                    507 S.W. 2d 700

Opinion delivered April 15, 1974

*Clifton Bond,* for petitioner.

No brief for respondents.

CONLEY BYRD, Justice. The sole issue on this petition for writ of prohibition is whether a special judge can be elected by the attending lawyers pursuant to Ark. Stat. Ann. § 22-436 (Repl. 1962), to hear a probate matter upon the disqualification of the regular chancellor.

Following the reversal and remand of the chancery proceeding in *McDonald, Executrix v. Ray Dale Petty,* 254 Ark. 705, 496 S.W. 2d 365 (1973), petitioner Ray D. Petty filed a petition for probate of an alleged holographic will. The regular chancellor, The Honorable D. A. Clarke; who, before

his election to his present position, had represented some of the parties, notified the clerk to hold an election among the attending lawyers for the purpose of electing a special judge to hear and determine the issues raised by the petition to probate the alleged holographic will. Respondent W. S. Arnold was elected special judge by the lawyers in attendance.

In contending that there is no Constitutional or statutory provision for the election of a special judge by the attorneys in attendance, Mr. Petty asserts that the selection of a special judge to hear a probate matter is controlled by Article 7 § 36 of the Arkansas Constitution, which provides:

> "§ 36. Special judges of county or probate courts. — Whenever a judge of the county or probate court may be disqualified from presiding in any cause or causes pending in his court, he shall certify the facts to the Governor of the State, who shall thereupon commission a special judge to preside in such cause or causes during the time said disqualification may continue, or until such cause or causes may be fully disposed of."[1]

However, we do not find Art. 7 § 36 to be controlling, because the people of this State subsequently adopted Constitutional Amendment No. 24, § 1 which provides:

> "In each county the Judge of the court having jurisdiction in matters of equity shall be the judge of the court of probate, . . . "

Subsection No. 4 of Amendment No. 24 repealed all parts of the Constitution of the State of Arkansas in conflict therewith. Consequently, the judge who was disqualified was not the probate judge but "the judge of the court having jurisdiction in matters of equity." When viewed from the provisions of Amendment No. 24 it at once becomes apparent that the election was for the purpose of electing a special chancellor as authorized by Ark. Stat. Ann. § 22-436 (Repl. 1962), because there can be no separate "judge of probate."

It therefore follows that the petition for writ of prohibition should be denied.

---

[1]Before adoption of Amendment 24, the county judge was also the judge of the probate court, Ark. Constitution 1874, Art. 7 § 34.